GUARINO v. ILLINOIS SURETY CO.

(Supreme Court, Appellate Term. November 11, 1910.)

INDEMNITY (§ 15*)—ACTIONS ON CONTRACTS—SUFFICIENCY OF EVIDENCE.

In an action on an indemnity bond, conditioned that a banker would transmit faithfully all money received by him, there could be no recovery, in the absence of proof that plaintiff delivered the money in question to the banker, and that the banker failed to transmit it.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 15.*]

Appeal from City Court of New York.

Action by Calogero Guarino against the Illinois Surety Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Wray & Callaghan (Stephen Callaghan, of counsel), for appellant.
Achille J. Oishei, for respondent.

BIJUR, J. This action was brought to recover upon a bond given by defendant under Laws 1907, c. 185, in connection with a certain private banker, and conditioned on his transmitting faithfully all moneys received by him, etc., following the language of the statute. While the record in regard to the way in which this case was taken from the jury is rather unintelligible, that point need not be considered, because defendant's motion to dismiss should have been granted.

There is complete absence of proof on two essential points, namely, the delivery of the money by plaintiff to the banker, and failure of the latter to transmit the same. Plaintiff's counsel seeks to help out his failure to prove delivery of the money by referring to questions which he asked the plaintiff, in which such delivery was presupposed. But, on the one hand, that is not evidence, and, on the other, these questions were properly objected to by defendant's counsel. It is alleged that the money was to have been delivered at some place in Sicily through the post office in that place, and the only proof offered to show the failure of transmission is that plaintiff inquired at the post office for letters. The entire record is too barren of serious evidence to have warranted other than a dismissal of the complaint thereon.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes